OPINION
{¶ 1} Defendant-appellant, Jerimiah Holloway, appeals from a judgment of the Franklin County Court of Common Pleas, denying his petition to vacate and set aside his judgment of conviction and sentence.
 {¶ 2} On December 14, 1998, appellant was indicted on one count of possession of marijuana in an amount in excess of 20,000 grams, a felony of the second degree. On December 1, 1999, a jury found appellant guilty of the offense. By entry filed on December 10, 1999, the trial court sentenced appellant to a term of eight years incarceration. Following a direct appeal, this court affirmed the judgment of the trial court in State v. Holloway
(Sept. 28, 2000), Franklin App. No. 99AP-1455.
 {¶ 3} On July 31, 2000, appellant filed a motion to vacate and set aside his conviction pursuant to R.C. 2953.21. By decision and entry filed on January 5, 2001, the trial court dismissed appellant's petition, and this court subsequently affirmed the judgment of the trial court.
 {¶ 4} In 2002, appellant filed with this court an application for reopening, pursuant to App.R. 26(B), alleging that his appellate counsel was ineffective in failing to raise, on direct appeal, issues relating to the verdict forms submitted to the jury. By decision rendered on December 19, 2002, this court found that appellant failed to establish good cause for the late filing of his motion for reopening and that, even if the motion had been timely, it was without merit.
 {¶ 5} On December 1, 2004, appellant filed a second motion to vacate and set aside his conviction. By decision and entry filed on December 13, 2004, the trial court denied appellant's petition.
 {¶ 6} On appeal, appellant sets forth the following two assignments of error for review:
[I.] Appellant contends the trial court erred denying his successive application for post-conviction relief that was based on an error at sentencing citing to Blakely v. Washington,124 S.Ct. 2531 (2004), where the judgment proves a merit review was made on the claim.
[II.] Appellant was denied the opportunity to establish his constitutional claim after moving for an evidentiary hearing that sought the retroactive application of Blakely to his sentencing error.
 {¶ 7} Appellant's assignments of error are interrelated and will be considered together. In his assignments of error, appellant asserts that the trial court erred in denying his application for post-conviction relief by failing to apply the United States Supreme Court's decision in Blakely v. Washington
(2004), 124 S.Ct. 2531. Appellant also contends that the court erred in failing to grant him an evidentiary hearing on his application.
 {¶ 8} R.C. 2953.21 governs petitions for post-conviction relief, and states in pertinent part:
(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *
 {¶ 9} Prior to granting a hearing on a petition, the court is required to determine whether there are "substantive grounds for relief." R.C. 2953.21(C). Further, the court shall proceed to a prompt hearing on the issues "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief[.]" R.C. 2953.21(E).
 {¶ 10} We first address appellant's contention that the trial court erred in failing to find that his sentence was unconstitutional under Blakely. In Apprendi v. New Jersey
(2000), 120 S.Ct. 2348, 2363, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, supra, at 2537, the Supreme Court, in applying the rule in Apprendi, held that the statutory maximum is "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdictor admitted by the defendant." (Emphasis sic.)
 {¶ 11} In the present case, the state argues that neitherBlakely nor Apprendi are applicable because the issue of drug quantity (i.e., whether the marijuana was in excess of 20,000 grams) was submitted to the jury. We agree.
 {¶ 12} In appellant's direct appeal of his conviction, this court addressed and rejected a claim by appellant that the jury's verdict convicted him of a minor misdemeanor rather than a second-degree felony. Specifically, in Holloway, supra, this court held in pertinent part:
As first drafted, the verdict form included a sentence that would have allowed the jury to make a special finding regarding whether the amount of marijuana exceeded 20,000 grams. Holloway's attorney objected to this language, stating that "[t]he finding of whether or not the marijuana exceeded 20,000 grams is an element of the charge, and that would be included in either a not guilty or guilty verdict." (Tr. 269.) The court noted that the jury would be instructed that a weight in excess of 20,000 grams was an element of the offense for which Holloway was indicted. The following discussion then took place:
THE COURT: SO YOUR POSITION IS THAT IF THERE IS A GUILTY FINDING, IT IS A GUILTY FINDING AS TO THE 20,000 GRAMS?
[DEFENSE COUNSEL]: I WOULD SAY SO BECAUSE THAT WAS AN ELEMENT THAT NEEDS TO BE PROVEN. [Tr. 272.]
In their closing arguments, both parties indicated that weight in excess of 20,000 grams was an element of the alleged offense. The jury was repeatedly instructed that, before it could find Holloway guilty, it must find beyond a reasonable doubt that Holloway knowingly possessed marijuana "in an amount exceeding 20,000 grams." (Tr. 331, 337.)
* * *
In the instant action, the indictment charged Holloway with a second degree felony and alleged that Holloway possessed marijuana in excess of 20,000 grams. The court instructed the jury that the indictment charged Holloway with possession of marijuana in excess of 20,000 grams and that, in order to convict, the jury must conclude beyond a reasonable doubt that Holloway knowingly possessed at least 20,000 grams of marijuana. The verdict form indicated that the jury found Holloway guilty as charged in the indictment. The colloquy between the court and defense counsel demonstrates that a guilty verdict under these circumstances meant that the jury found Holloway guilty of possession of more than 20,000 grams of marijuana.
 {¶ 13} Furthermore, in denying appellant's subsequent application for reopening, this court noted our previous determination that "the jury was specifically instructed it was required to find beyond a reasonable doubt that Holloway knowingly possessed marijuana in excess of 20,000 grams." Statev. Holloway (Dec. 19, 2002), Franklin App. No. 99AP-1455 (Memorandum Decision).
 {¶ 14} Upon review, we agree with the state that the "fact" of drug quantity (weight) was submitted to the jury, i.e., the jury was properly on notice that, in order to convict appellant as charged in the indictment, it was required to find that he possessed marijuana in an amount in excess of 20,000 grams. Further, the trial judge imposed a sentence within the statutory range established for the crime alleged in the indictment. SeeState v. Sieng, Franklin App. No. 04AP-556, 2005-Ohio-1003, at ¶ 38 ("[a]s long as a court sentences a defendant to a prison term within the stated minimum and maximum terms permitted by law, the Sixth Amendment is not violated and Blakely andApprendi are not implicated").
 {¶ 15} Here, the trial court properly concluded that appellant's reliance upon Blakely was misplaced, and, thus, the court did not err in denying appellant's petition. Furthermore, because appellant's petition did not present substantive grounds for relief, the trial court did not err in failing to grant him an evidentiary hearing.
 {¶ 16} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
French and McGrath, JJ., concur.